*348 The hill was brought to establish a deed of gift of sun. dry negroes made by the complainant’s father, some Jrcavs after her marriage, directly to her, without the intervention of trustees.' The deed declared that the slaves *349 should be “ to the only use and behoof of my said daughter, her heirs and assigns.” It was contended for the complainant that the marital rights of the husband could not attach in this case. That the words of the deed shewed that the father meant to give a separate estate. After hearing the arguments of council, the court delivered its opinion that this being a direct gift of personal property to the wife,„the legal estate immediately vested in her husband, and the marital rights attached absolutely. It was argued that the words “ to the only use” of Mrs. Haig, shewed the intention to make it a separate estate: and that to give effect to that intention, the husband should be decreed a trustee for his wife.* But the court said that if the husband had manifested by any act that he so considered and understood it, or had been guilty of any fraud with respect to the negroes, something might have been said for complainant; but Dr, Haig, by disposing of these negroes by his will as he has done, shews he did not consider it, nor understand it in that manner. The cases cited arc generally of wills; and it was insisted that the modern doctrine is, that the rulp is the same as to deeds and wills, where the intention is discernible; but the marital rights are not to be Ho easily overthrown. Sec. 2 Fonbl. 321. 3 Atk. 399. Darly and Darly. The case of Ralfe vs. Hudde, stated in 2 Eq. Cas. abr. 153, was relied upon for tbe complainant, but it is not like this case; and besides, it is the case of a will. The wife had been ill used by her husband, and lived separate from him. It was properly decided that in such a case, a direct gift to the wife should be protected. There is nothing of those circumstances in the case under consideration. Sec also 2 Atk. 558, Tyrrell vs. Hope, which was relied on. That was like the present, the case of a deed: but it was a marriage settlement, and the husband’s assent was ascertained from the fact, that he corrected the error in the deed in his own hand writing. It is true that the deed in question executed by Mrs. Haig’s father, was in Dr. Haig’s hand *350 writing; and it was insisted that furnished the evidence of his consent to the property being held as a separate estate under the deed; else it was-asked, why make the deed of the slaves to her, to her only use and behoof, and to her heirs, if Dr. Haig was immediately after to become the absolute owner by virtue of the marital rights? It certainly was presumptive evidence of such assent; but Dr. Haig afterwards bequeathing these very slaves by his will, shews he did not consider them bis wife’s separate estate, or that lie supposed her father meant them to be so. The circumstance of the negroes being liable to betaken by Dr. Haig’s creditors, unless protected by the court under the deed, does not alter the case. The court is bound to regañí the rights of creditors, as well as of married women. Neither the deed nor the circumstances justify the court in decreeing Dr. Haig to have been a trustee for his wife. If Mrs. Haig takes the slaves under her husband’s will, (as they are bequeathed to her) she will be entitled to an account from the defendants for hire and labor of the slaves; but subject to the debts of the estate of Dr. Haig, like his other property. Bill dismissed— costs to be paid by defendants out of the estate.
Decree,

 See 9 Vesey, 583, where a husband was decreed to be a trustee for bis wife, though no trustee was mentioned in the will.